LORING SNOW, appellant, *v.* WILLIAM BAKER, appellee.

*Appeal from Winnebago.*

A. assigned to B. and B. to C. the amount of a judgment recovered before a justice of the peace, from which an appeal was taken, when judgment was rendered for the defendant. The assignment was as follows: "For a valuable consideration, I hereby assign the within named judgment (which was described in another assignment on the same paper,) to Loring Snow, and guarantee the collection of the same, if well attended to. Dec. 4, 1838. (signed) William Baker:" *Held,* that the terms "well attended to" clearly referred to the collection of the judgment, and not to the sustaining of it upon the contingency of an appeal.

THIS action was originally brought in a justice's court to recover of the defendant the amount of a justice's judgment in favor of W. P. & H. Hunt, against Jabez Giddings, which judgment had been assigned by Hunt to the defendant, and by him to the plaintiff.

Judgment was rendered against the defendant by the justice of the peace, from which judgment the defendant appealed to the Stephenson Circuit Court, and took a change of venue to the Winnebago Circuit Court, where the cause was tried at the April term 1844, before the Hon. Thomas C. Browne and a jury, who found for the defendant. A new trial was granted, and the cause was again tried at the April

term 1845, before a jury who rendered a verdict for the defendant.

The bill of exceptions contained all the evidence and exceptions taken at the trial.

It was proved on the part of the plaintiff, that Giddings, the defendant in the judgment which was assigned by defendant to plaintiff, took an appeal to the Jo Daviess Circuit Court, where the judgment was reversed.

It appeared from the record of that cause, that the judgment against Giddings was bad, for the reason that the justice had no jurisdiction of the cause, because the *capias* was issued by him without an affidavit, because there was no service of process on Giddings, and because there was a discontinuance of the cause, and no subsequent proceedings had to give him jurisdiction.

Hunt employed counsel to attend to the suit against Giddings in the Jo Daviess Circuit Court.

The plaintiff proved that he paid a consideration for the judgment, and Hunt had assigned the original claim, on which the judgment against Giddings was founded, to the defendant.

The plaintiff, on the last trial, asked the Court to instruct the jury that the defendant's guaranty of collection of the judgment against Giddings, if well attended to, was a guaranty that the judgment was a valid judgment, and that the terms "if well attended to" in the assignment related to the diligence to be used in the process of collection, and not to the sustaining of the judgment in another Court, which instruction the Court refused to give, and the plaintiff excepted.

The plaintiff moved for a new trial, which was refused by the Court, and the plaintiff excepted.

The plaintiff brought the case into this Court by appeal, and assigned for error, that the Court erred,

1st. In refusing to give the instructions asked by plaintiff; and

2d. In overruling the motion for a new trial.

*J. Marsh,* for the appellant.

*Anson S. Miller,* and *M. Y. Johnson,* for the appellee.

The Opinion of the Court was delivered by

WILSON, C. J.   This action is brought to recover back money paid for a judgment on a justice's docket, which was afterwards appealed to and reversed in the Circuit Court. The judgment was assigned by the appellee to the appellant in these words: "For a valuable consideration, I hereby assign the within named judgment (which was described in another assignment on the same paper) to Loring Snow, and guarantee the collection of the same, if well attended to. December 4th, 1838;". and signed by W. Baker, the appellee.

Upon the trial of the cause, the appellant asked the Court to instruct the jury that the appellee's guaranty of the judgment, if well attended to, was a guaranty that the judgment was a valid one, and that the terms "well attended to," in the assignment, relate to the diligence to be used in the process of collection, and not to the sustaining of the judgment in another Court. This instruction the Court refused to give, and a verdict and judgment was rendered against the appellants. The refusal of this instruction is relied on for the reversal of this cause, and we think it sufficient. The sale of the judgment, like the sale of an article of personal property, implies a warranty of title to the thing sold, and entitles the purchaser to recover back the price paid for it, if the title proves defective. In this case, the reversal of the judgment by the Circuit Court destroyed all title and interest in it, and as the justice's judgment was reversed for want of jurisdiction, no attention on the part of the appellant to the prosecution of the case in the Circuit Court could have produced a different result. But we do not think that the terms of the assignment imposed upon him any such attention. The terms "well attended to," in the assignment, clearly refer to the collection of the judgment, and not to the sustaining of it upon the contingency of an appeal. The instructions ought, therefore, to have been given.

The judgment is reversed and the case remanded.

*Judgment reversed.*